JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant, Carlton Jacobs ("Jacobs"), appeals the decision of the Cleveland Municipal Court finding he damaged plaintiff-appellee, Joseph Lanton's ("Lanton"), vehicle in the amount of $225.34. For the reasons stated below, we affirm the decision of the trial court.
 I. {¶ 2} On or about July 3, 2002,[1] Jacobs was involved in a motor vehicle accident near the corner of St. Clair Avenue and E. 95th Street in the City of Cleveland, Ohio. According to Lanton, Jacobs attempted to pass on the right hand side and struck Lanton's mirror, breaking it. Jacobs, conversely, argued that Lanton swerved into his lane of traffic and that the accident was unavoidable.
 {¶ 3} On October 23, 2002, the case was called for hearing whereby both Lanton and Jacobs were present. On November 18, 2002, the court issued its opinion, finding, in part, that Jacobs was responsible for the damage caused to Lanton's vehicle. On November 26, 2002, Jacobs filed his objections to the magistrate's decision. On January 8, 2003, the trial court denied Jacobs' motion pursuant to Civ.R. 53(E)(3)(b).[2] From this underlying judgment, Jacobs advances three assignments of error.
 II. {¶ 4} In his assignments of error, Jacobs argues that the trial court erred by failing to consider: (1) an alleged oral contract entered into between the parties at the scene of the accident whereby Jacobs would repair the damage; (2) the comparative negligence of Lanton; and (3) the perjury and malice exhibited by Lanton. For the reasons stated below, each of Jacobs' assignments of error are without merit and overruled.
 {¶ 5} It has long been established that "at trial, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact." State v. Wolery (1976),46 Ohio St.2d 316. Here, both parties were present before the court and each presented his version of the facts. The trial court was left to weigh the credibility of each and the evidence submitted. The court found that the evidence of physical damage comported with Lanton's version of the facts; namely, that Jacobs attempted to squeeze his vehicle past Lanton's which resulted in the accident.
 {¶ 6} Further, Jacobs failed to call any witnesses and no transcript was provided for us to review. "Absent a transcript of the proceedings or its alternatives, an appellate court will presume regularity and the validity of judgment of the trial court." Corsaro,Giganti Assocs. v. Stanley (Sept. 21, 2000), Cuyahoga App. No. 77201.[3] The allegations raised in appellate's brief are not sufficient to overcome this presumption of regularity. Id.
 {¶ 7} We find nothing in the record to indicate that the court improperly found in Lanton's favor. Appellant's assignments of error are overruled. Judgment affirmed.
 {¶ 8} It is ordered that appellee recover of appellant his costs herein taxed.
 {¶ 9} The court finds there were reasonable grounds for this appeal.
 {¶ 10} It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
 {¶ 11} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J. and FRANK D. CELEBREZZE, JR., J. concur.
[1] The magistrate's decision, dated November 3, 2002, states that the accident occurred on January 3, 2002. Lanton's complaint, and Jacobs' appellate brief, indicate the accident occurred on July 3, 2002, and we will presume that date to be accurate. Lanton failed to file an appellate brief.
[2] The court's journal incorrectly references Civ.R. 53(b) as authority for overruling Jacobs' objections.
[3] "* * * [T]he duty to provide a transcript for appellate review falls upon the appellant." Id.